UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH GOULD,<br><br>Defendant. | Case No. 1:25-mc-00066-JLT-EPG<br>Related case: 1:21-CR-00243-JLT-SKO<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT GOULD'S MOTION TO QUASH WRIT OF CONTINUING GARNISHMENT BE DENIED<br><br>(ECF No. 9) |

On August 27, 2025, Kennth Gould, who is currently serving a term of imprisonment, filed a motion to quash a writ of garnishment issued against one of his accounts. (ECF No. 8). He argues that garnishment of those assets conflicts with the payment schedule adopted by the Court in his criminal judgment. (ECF No. 9).

The United States has filed an opposition to the motion, (ECF No. 19) and Mr. Gould has filed a reply, (ECF No. 21).

For the reasons set forth below, the Court recommends denying the motion to quash the writ of garnishment.

**I.    BACKGROUND**

On March 3, 2025. Mr. Gould pled guilty to a single count Indictment in case number 1:21-CR-00243-JLT-SKO ("CR"), which charged him with Bank Larceny, in violation of 18

1

U.S.C §2113(b)[1]. On June 2, 2025, the Court sentenced Mr. Gould to a term of imprisonment of 12 months and 1 day, to commence on September 11, 2025.

As part of the judgment, the Court ordered Mr. Gould to pay monetary penalties, including a $100 assessment fee and $830,000 in restitution (CR ECF No. 74 at p. 6). *See also* (CR ECF No. 74, at p. 3) ("You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.").

Additionally, in the section describing special conditions of supervision, the Court ordered:

> You must make payments toward any unpaid criminal monetary penalty in this case during supervised release at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalty at any time, as prescribed by law.

(CR ECF no. 74, at p. 5).

On August 18, 2025, the United States filed an Application for Writ of Continuing Garnishment, requesting that the Clerk of the United States District Court issue a writ of continuing garnishment against all property held by a Garnishee Raymond James & Associates, Inc., in which Mr. Gould has an interest. (ECF No.1). (*Id.*). The Clerk of Court issued the writ of continuing garnishment on August 18, 2025. (ECF No. 4).

As detailed in the Acknowledgment of Service and Answer of Garnishee, the Garnishee, Raymond James Financial, disclosed property in which Gould maintains an interest, including a 529 Account worth $163,133.38 as of August 25, 2025, as well as an IRA account in the amount of $1,353.29 as of the same date. (ECF No. 8).

**II.     MOTION TO RECALL OR QUASH THE WRIT**

**A. Mr. Gould's Motion to Quash the Writ**

On August 29, 2025, Mr. Gould filed a motion to recall or quash the United States' writ of garnishment, on the ground that the government omitted material and relevant information from its application to the Clerk of Court for the writ. (ECF No. 9, p. 3) Specifically, Mr. Gould argues

---

[1] Mr. Gould was indicted and sentenced under Case: 1:21-CR-00243-JLT-SKO.

that when filing its application for writ of continuing garnishment, the government failed to disclose the Court-ordered payment schedule included among the special conditions of supervision. As a result of this omission, Mr. Gould argues, the writ is "the government attempting an end-run around the Court's imposition of a payment schedule and the proper mechanism by which the government or victim may seek to modify a restitution schedule." (*Id.*).

Mr. Gould states he lives off social security and he is the sole provider for his son, his only child, who is beginning his first year of college. Because of the writ, Mr. Gould states he will lose "$1,253.29 from an IRA account to help reintegrate himself into society, in addition, $163, 133.38 in funds in a '529 account FBO Seth Gould, Kennth Gould Custodian' [which] will not be available to Seth to meet his education expenses and basic living necessities…" (ECF No. 9, pp. 3-4). In addition, Mr. Gould argues he would have to pay income tax and a withdrawal penalty equal to 10% of the earnings portion of the 529 account. (ECF No 9, p.3). Finally, Mr. Gould states the account was established with $50,000 in contributions in 2008 and 2009 and that the IRS considers these contributions gifts under 26 U.S.C. § 529(c)(2)(A)(i), which are not subject to garnished by the government. (*Id.*)

**B. United States' Opposition**

On September 10, 2025, the government filed an opposition to Mr. Gould's motion to quash. (ECF No. 19). The United States argues that it is "enforcing the restitution and assessment in full compliance of the judgment." (ECF No. 19, p. 1). Furthermore, the government argues that the judgment provided a payment schedule did not prohibit the government from collecting any unpaid criminal debt at any time through any available means that the law provides. (*Id.,* pp.2-3).

Regarding the 529 account, the government argues that Mr. Gould is the custodian of the 529 account and has full control over the account. In addition, there are no federal criminal or IRS exemptions that exempt the 529 account from garnishment. This makes the 529 account property which the United States may recover to fulfill a criminal debt. (ECF No. 19, pp.4-5).

**C. Mr. Gould's Reply**

Mr. Gould filed a reply to the United States' opposition on September 15, 2025. (ECF No. 21). Mr. Gould argues that the provision the United States relies on to collect any unpaid criminal

3

penalties at any time is applicable following placement on supervised release and not during imprisonment. (*Id.,* p.1). Next, Mr. Gould argues that under California law, the interest that is derived from a 529 account is held in a trust for the named beneficiary. (*Id.,* p. 2). Mr. Gould argues Cal. Education Code §69986, which governs 529 accounts in California, supports his position and states:

> (a) The participant shall retain ownership of all contributions made under any participation agreement up to the date of utilization for payment of higher education costs for the beneficiary, and all interest derived from the investment of the payments made by the participant shall be deemed to be held in Scholarshare trust for the benefit of the beneficiary. Neither the contributions, nor any interest derived therefrom, may be pledged as collateral for any loan.

Accordingly, Mr. Gould argues that the amount more than the original $50,000 contribution from 2008 and 2009, which is $113,133.38 in interest, is exempt from garnishment because it is held in a trust for Mr. Gould's son and thus, not Mr. Gould's property subject to garnishment. (*Id.,* p.2).

### III.   LEGAL STANDARDS

18 U.S.C. § 3613 provides the civil remedies that may be utilized by the United States to satisfy an unpaid fine, including when a judgment imposing a fine, "may be enforced against all property or rights to property of the person fined." 18 U.S.C. § 3613(a). A restitution order is enforceable in the same manner as criminal fines. *See* 18 U.S.C., § 3663A(d); 3664(m)(1)(A)(i).

The use of "all property or rights to property" demonstrates that Congress was unequivocal that all a defendant's assets may be subjected to restitution orders. *United States v. Novak,* 476 F.3d 1041, 1046 (9th Cir. 2007); *see United States v. Nat'l Bank of Commerce,* 472 U.S. 713-719-720 (1985) ("The statutory language 'all property and rights to property,'…is broad and reveals on its face that Congress meant to reach every interest in property… .").

The party seeking to quash a writ of garnishment has the burden to prove its invalidity. *Novak,* 476 F.3d at 1046 ("The burden is on Novak, as the party seeking to quash the writ of garnishment, to prove its invalidity.").

### IV.   DISCUSSION

Mr. Gould primarily argues that the writ should be recalled because the government's application for the writ omitted the fact that the Court imposed a payment schedule as a special

condition. (ECF No. 9, at p. 3). In response, the Government argues that the omission was not material because the payment schedule did not prevent the government from collecting restitution through any means available. (ECF No. 19, at p. 2-3).

In a recent case, this Court denied a motion to quash a writ where the government similarly attempted to garnish a defendant's bank accounts despite the fact that the judgment included a payment schedule for restitution. *See United States v. Rodriguez*, No. 1:20-cr-00122-JLT-SKO, 2025 WL 1235480 (E.D. Cal. April 29, 2025) ("Mr. Rodriguez contends that the government should have disclosed in its writ applications this Court's imposition of a payment schedule and relatedly that the appropriate procedure would have been for the government to petition the Court to modify the restitution schedule pursuant to 18 U.S.C. § 3572(d)(3) and 3664(k)."). After a review of relevant legal authorities, the *Rodriguez* Court determined that the writ of garnishment was valid, notwithstanding the payment schedule. First, the Court looked at the judgment's payment schedule, which stated:

> The defendant shall make payments toward any unpaid criminal monetary penalties in this case during supervision at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. *This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law.*

Next, the Court noted that, while this paragraph was included in a section concerning conditions of supervision, the final sentence was not limited to enforcement during supervision, "as it permits collection through all available means any unpaid criminal monetary penalties *at any time*, as prescribed by law." *Rodriguez,* No. 1:20-cr-00122-JLT-SKO, 2025 WL 12354480 at 5.

Next, the Court in *Rodriguez* found that enforcement of the writ was consistent with the overall purpose of the Mandatory Victims Restitution Act (MVRA), which "rests on the recognition that '[i]t is essential that the criminal justice system recognize the impact that crime has on the victim, and, to the extent possible, ensure that [the] offender be held accountable to repay these costs.'" *Novak*, 476 F.3d at 1043 (quoting S. Rep. No. 104-179, at 18 (1995)). The Court also cited the Ninth Circuit's decision in *United States v. Swenson*, 971 F.3d 977 (9th Cir. 2020), which stated that "[t]o ensure that accountability, Section 3613(a) consolidated and

5

strengthened the procedures available to the government for collecting unpaid restitution," and was intended "to broaden the government's collection powers to reach all of a *defendant's* assets." *Id.* at 982.

Here, the Court recommends following the reasoning in *Rodriguez* and denying the motion to quash the writ. As in *Rodriguez*, Mr. Gould's judgment ordered payment of restitution. And while the additional terms of supervision set out a payment schedule, it also stated "This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law." (CR ECF No. 74). The Court thus finds that the government is entitled to collect outstanding restitution by any means prescribed by law.

Finally, Mr. Gould also argues that the 529 account is out of the government's collection power because contributions made into a 529 account are treated as a gift for tax purposes under 26 U.S.C. § 529(c)(2)(A)(i). (ECF No. 9, p.4). Furthermore, Mr. Gould argues that because the 529 account was funded with a total of $50,000 in 2008 and 2009, the amount more than that $50,000 contribution, which is $113,133.38, is interest to be held in trust for the benefit of Mr. Gould's son, which Mr. Gould contends is not subject to garnishment.

In response, the government argues that 26 U.S.C § 529(c)(2)(A)(i) concerns the treatment of 529 accounts for the purposes of chapters 12 and 13 of the Tax Code, and does not address ownership of the funds in the account. (ECF No. 19, p. 3). Furthermore, California Education Code § 69986, which governs 529 accounts in California, provides "[t]he participant shall retain ownership of all contributions made under any participation agreement." Cal. Educ. Code § 69986. The Government also points to IRS guidance that "[w]however purchases the 529 plan is the custodian and controls the funds until they are withdrawn." (ECF No. 19, at p. 4, citing 529 Plans: Questions and answers, https://www.irs.gov/newsroom/529-plans-questions-and-answers. *See also* www.fidelity.com/529-plans/what-is-a-529-plan (accessed September 17, 2025) ("Unlike a custodial account, with a 529 plan the account owner maintains ownership of the account until the money is withdrawn.").

The Government's position is also supported by the California appellate court's ruling in

6

*O'Brien v. AMBS Diagnostics LLC,* 246 Cal. App.4th 942 (2016), which considered whether 529 accounts held in a debtor's name for each of his children was exempt from levy in satisfaction of judgment. The court in that case recognized that "there are good policy reasons to exempt section 529 savings accounts from levy," but nevertheless held that the trial court erred in exempting the 529 account because California did not exempt such accounts. *O'Brien,* 246 Cal. App.4th at 949-950 ("[W]e certainly cannot go one step further and create a brand new exception from whole cloth, no matter how persuasive the policy reasons that might support it."). Here too, 18 U.S.C. § 3613(a)(1), which incorporates most of the IRS exemptions found in 26 U.S.C. § 6334(a), does not contain any exemption for 529 accounts. It is thus subject to garnishment.

## V.     CONCLUSION AND RECOMMENDATION

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Debtor's motion to quash writ of continuing garnishment (ECF No. 9) be **DENIED.**

2. The Clerk of Court be directed to enter a final order of garnishment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any objections shall be limited to no more than fifteen (15) pages, including exhibits.  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 3, 2025**            /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE